FILED
ASHEVILLE, NC

MAY 13 2025

U.S. DISTRICT COURT

Hand-Delivered

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA ASHEVILLE DIVISION

CECIL RANDOLPH WARNER III, ) ) Plaintiff, ) ) v. ) Civil Action No. 1:25-CV-142-MR-WCM ) RREAF HOLDINGS, LLC, ) ) Defendant. ) _____ )

## COMPLAINT AND JURY DEMAND

Plaintiff, Cecil Randolph Warner III ("Plaintiff"), brings this action pro se against Defendant RREAF Holdings, LLC ("RREAF"), and respectfully alleges the following:

### NATURE OF THE CASE

1. This is an action for age and disability discrimination, unlawful termination, breach of oral contract, and emotional distress arising from the wrongful treatment of Plaintiff by his former employer, RREAF, culminating in his termination shortly before his planned retirement and necessary medical surgery.
2. Plaintiff seeks declaratory, equitable, and monetary relief, including back pay, lost profits, compensatory damages, and punitive damages.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States, specifically the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA").
4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the Plaintiff performed his work duties for Defendant remotely from his home in Highlands, North Carolina, and the unlawful employment practices alleged herein occurred in this District.

### PARTIES

5. Plaintiff, Cecil Randolph Warner III, is a 64-year-old male resident of Highlands, North Carolina.
6. Defendant RREAF Holdings, LLC is a Texas limited liability company headquartered at 1909 Woodall Rodgers Freeway, Third Floor, Dallas, Texas 75201.

### EXHAUSTION OF REMEDIES

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 4, 2024 (Charge No. 450-2024-09096), alleging age and disability discrimination.
8. The EEOC issued a Notice of Right to Sue on February 13, 2025. Plaintiff brings this suit within 90 days of receiving said notice. A true and correct copy of the charge and notice is attached as Exhibit C.

### FACTUAL ALLEGATIONS

9. Plaintiff was hired by RREAF in January 2020 to spearhead its Extended Stay Hotel vertical, under the title Director of Extended Stay Hospitality.
10. Plaintiff identified, modeled, and brought to RREAF the extended stay hotel development opportunity with WoodSpring Suites, and negotiated development rights in 12 markets.

11. Plaintiff worked remotely from Highlands, North Carolina, and was integral to developing partnerships, deal structures, and operating strategy.
12. Throughout his tenure, Plaintiff was promised significant back-end compensation in the form of Class B equity in each hotel project, and participated in deal structuring discussions evidencing this interest.
13. In internal emails from RREAF CEO Kip Sowden, Plaintiff's central role and compensation terms were explicitly acknowledged, including equity escalators based on project performance.
14. Plaintiff suffers from Parkinson's disease, a serious neurological condition requiring ongoing treatment and surgical intervention.
15. Plaintiff disclosed his Parkinson's diagnosis to his employer, and they were aware he was scheduled to undergo surgery to replace the battery in his deep brain stimulator in May 2024.
16. In April 2024, one month before Plaintiff's scheduled surgery, RREAF abruptly terminated Plaintiff's employment.
17. Plaintiff was 63 years old at the time of termination, just months shy of turning 65 and reaching retirement age, and was replaced by the significantly younger stepson of RREAF's President.
18. Following his termination, RREAF pressured Plaintiff to sign a restrictive non-compete agreement that would have effectively barred him from working in his industry. Plaintiff refused.
19. RREAF attempted to coerce Plaintiff into signing a termination release agreement, which he also refused to sign.
20. To justify terminating Plaintiff without due process or severance, RREAF misclassified him as an independent contractor, despite exercising control over his work, integrating him into company operations, and requiring full-time commitment. This misclassification deprived Plaintiff of employee protections, benefits, and legal rights.
21. As a result of the termination, Plaintiff was forced to obtain private insurance and incur substantial out-of-pocket medical expenses for his surgery.
22. The stress and economic fallout from the termination have significantly worsened Plaintiff's Parkinson's condition and his ability to earn income, impairing his quality of life.
23. Plaintiff's EEOC charge details the discriminatory practices, including the knowledge of Plaintiff's medical needs, the timing of his termination, and his replacement by a much younger individual. These facts directly support the allegations in this complaint.

CLAIMS FOR RELIEF

Count I: Age Discrimination (ADEA) 24. Plaintiff incorporates all preceding paragraphs. 25. Plaintiff was terminated due to his age, in violation of the ADEA. 26. Plaintiff was replaced by a younger, less qualified individual. 27. Defendant's conduct was willful, entitling Plaintiff to liquidated damages.

Count II: Disability Discrimination (ADA) 28. Plaintiff incorporates all preceding paragraphs. 29. Plaintiff had a known disability (Parkinson's) and was scheduled for surgery. 30. Defendant terminated Plaintiff instead of reasonably accommodating his condition. 31. Defendant's conduct was intentional, malicious, and in violation of the ADA.

Count III: Declaratory Relief (Invalid Release) 32. Plaintiff incorporates all preceding paragraphs. 33. RREAF misclassified Plaintiff as an independent contractor and attempted to coerce him into signing a release agreement following his termination. 34. Plaintiff expressly refused to sign both the release agreement and the termination letter, and no valid release of claims exists. 35. Plaintiff seeks declaratory judgment that any purported waiver or release of claims is unenforceable due to misclassification, coercion, and absence of agreement.

Count IV: Promissory Estoppel / Breach of Implied Contract 36. Plaintiff incorporates all preceding paragraphs. 37. Defendant promised Plaintiff long-term equity and compensation. 38. Plaintiff reasonably relied on these promises to his detriment.

Count V: Intentional Infliction of Emotional Distress 39. Plaintiff incorporates all preceding paragraphs. 40. Defendant's actions were extreme, outrageous, and caused severe distress. 41. Terminating a 63-year-old disabled employee before necessary brain surgery, misclassifying him to deny protections, and stripping him of health insurance and financial security constitutes outrageous conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in his favor and against Defendant; B. Declare that any purported release of claims is void and unenforceable, and that no valid release exists; C. Award back pay, front pay, and lost benefits; D. Award the value of Plaintiff's lost equity and backend compensation; E. Award compensatory and consequential damages for emotional distress and medical expenses; F. Award liquidated and punitive damages; G. Award pre-judgment and post-judgment interest; H. Award reasonable attorneys' fees and costs (once counsel appears); I. Grant such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of May, 2025.

_Cecil Randolph Warner III_

Cecil Randolph Warner III, Pro Se 460 View Point Road Highlands, NC 28741 (214) 334-2065 rwarner@uplandre.com